UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELENA NOVIKOVA,

                Plaintiff,

   -against-

IRS; MR. G. FIELDS, DIRECTOR; MS. HALL,
CASE WORKER; MS. MORALES, PUBLIC
ADVOCATE; BANK OF NEW YORK;
MERRILL LYNCH; TD WATERHOUSE;
COMMERCE BANK; INDEPENDENCE BANK;
WASHINGTON MUTUAL; LEOPOLD KAPLAN,

                Defendants.
----------------------------------------------------------------X



**MEMORANDUM AND ORDER**
Case No. 04-CV-5324 (FB) (LB)

*Appearance:*
*For the Plaintiff:*
ELENA NOVIKOVA
1746 E. 13th Street, Apt. 4D
Brooklyn, New York 11229

**BLOCK, District Judge:**

      In this action, *pro se* plaintiff, Elena Novikova ("Novikova"), advances four possible claims, including an employment-discrimination claim against her former employer, defendant Bank of New York ("BNY"), and claims that defendant Internal Revenue Service ("the IRS") and its employees (defendants Fields, Hall and Morales) are wrongfully insisting that she pay taxes on money stolen from her. In a Memorandum and Order dated March 7, 2005, the Court identified dispositive defenses to Novikova's employment-discrimination claim against BNY and to her claim against the IRS and its employees; these defenses appeared on the face of the complaint. The Court directed Novikova to show cause why these claims should not be dismissed. To facilitate

Novikova's response, the Court attached a form entitled "Plaintiff's Affirmation," which prompted Novikova to supply the information requested in the order to show cause.

On March 22, 2005, Novikova filed an affirmation consisting of a completed copy of the two-page form and two lengthy, separately numbered attachments. One of these attachments (the "IRS Attachment") discusses Novikova's claims against the IRS and its employees; the other (the "BNY Attachment") discusses Novikova's claim against BNY. Attached to both the "IRS Attachment" and the "BNY Attachment" are numerous exhibits, many of which have been annotated by Novikova in an effort to explain their relevance to this case.

Although Novikova's detailed affirmation clarifies some of the allegations in her complaint, it fails to show cause why her employment-discrimination claim against BNY and her claims against the IRS and its employees should not be dismissed. With respect to her employment-discrimination claim against BNY, Novikova's submissions confirm that she entered into a Conciliation Agreement resolving her employment-discrimination dispute with BNY and, therefore, has never received a "right-to-sue" letter. *See* BNY Attachment at 3 & Ex. 2. Since receipt of a "right-to-sue" letter is a precondition to bringing employment-discrimination claims in federal court under either Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, or the Age Discrimination in Employment Act of 1967 ("the ADEA"), 29 U.S.C. §621 *et seq.*, Novikova cannot maintain her employment-discrimination claim against BNY. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001); *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000).

Similarly, Novikova's submissions do not cure the defects in her claims against the IRS and its employees. First, the IRS Attachment does not allege that Novikova has made full payment of the taxes in dispute or has filed a refund claim; as the Court explained in its March 7 Memorandum and Order, such allegations are required if Novikova is to maintain a refund suit pursuant to 28 U.S.C. § 1346(a). Second, the IRS Attachment neither suggests that defendants Fields, Hall and Morales knowingly, recklessly or negligently disregarded provisions of the Internal Revenue Code or regulations promulgated thereunder; nor does it allege that Novikova took any administrative action with respect to these employees' alleged misconduct. Third, Novikova's affirmation does not allege or even suggest that her case fits into one of the statutory exceptions to the Anti-Injunction Act, 26 U.S.C. § 7421.

Accordingly, Novikova's employment-discrimination claim against BNY is dismissed. Her claims against the IRS and its employees (defendants Fields, Hall and Morales) are also dismissed. Novikova may proceed with her remaining claims against BNY, as well as her claims against the remaining defendants.

The Clerk of the Court is directed to issue summonses for defendants BNY, Merrill Lynch, TD Waterhouse, Commerce Bank, Independence Bank, Washington Mutual and Leopold Kaplan. The United States Marshal Service is directed to serve a copy of the summons; Novikova's complaint; her December 19, 2004, submission (construed as a supplement to her complaint); and a copy of this Memorandum and Order upon each of those defendants. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. Novikova's April 4, 2005, request for an immediate conference in this case is

denied without prejudice to renewal once all defendants are served. Novikova is advised that any issues she may have with her landlord over money she owes for her rent are not part of the case pending before the Court.

**SO ORDERED.**

_____
FREDERIC BLOCK
United States District Judge

Brooklyn, New York
June 21, 2005