```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ELENA NOVIKOVA, pro se,
```

          Plaintiff,     **ORDER ADOPTING REPORT AND RECOMMENDATION**

        -against-

IRS; MR. G. FIELDS, DIRECTOR; MS. HALL, CASE  04-CV-5324 (DLI) (LB)
WORKER; MS. MORALES, PUBLIC ADVOCATE; BANK
OF NEW YORK; MERRILL LYNCH; TD WATERHOUSE;
COMMERCE BANK; INDEPENDENCE BANK;
WASHINGTON MUTUAL; LEOPOLD KAPLAN,

          Defendants.
```
-------------------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

  *Pro se* plaintiff Elena Novikova ("Plaintiff") initiated this action on December 8, 2004 against various defendants alleging (1) wrongful termination of employment by defendant Bank of New York ("BNY"); (2) misappropriation or mismanagement of Plaintiff's money by BNY, Merrill Lynch, TD Waterhouse, Commerce Bank, Independence Bank, and Washington Mutual (together, "Defendant Banks"); (3) wrongful demand by the Internal Revenue Service (the "IRS") that she pay taxes on money allegedly stolen from her by Defendant Banks; and (4) ineffective assistance of her privately retained counsel, Leopold Kaplan, who, amongst other allegations, purportedly failed to resolve Plaintiff's problems with the IRS.

  On June 21, 2005, United States District Court Judge Frederic Block dismissed the wrongful termination claim against BNY and the claims against the IRS and its employees (defendants Fields, Hall, and Morales).[1] Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant Banks now move to

---

[1]Leopold Kaplan has never appeared in this action.

dismiss.[2] This court, to which the instant case was reassigned on January 20, 2006, referred the motion to United States Magistrate Judge Lois Bloom. Judge Bloom issued a Report and Recommendation dated September 11, 2007 ("Recommendation") recommending that the court dismiss the instant action for lack of subject matter jurisdiction. Plaintiff filed timely objections to the Recommendation on September 18, 2007, and defendants Washington Mutual and Independence Bank filed a response to Plaintiff's objections on September 26, 2007.[3]

For the reasons set forth below, the court adopts the Recommendation in its entirety. Accordingly, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

**I.  Discussion**

**A.  Standard of Review**

When reviewing a magistrate judge's report and recommendation, a district judge must review those parts of the report and recommendation to which any party objects *de novo*. *See* Fed. R. Civ. P. 72(b). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz,* 447 U.S. 667, 673-76 (1980).

**B.  Federal Question Jurisdiction**

Plaintiff objects to Judge Bloom's determination that there is no basis for federal question jurisdiction. *See* Recommendation 12-15. Plaintiff argues that the court has federal question jurisdiction under ERISA because Defendant Banks allegedly stole her retirement savings from what

---

[2]The Defendant Banks' motion was converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

[3]Familiarity with Judge Bloom's Recommendation is assumed, and the court, therefore, does not restate the facts of this case herein.

she terms her "two ERISA accounts." (Pl.'s Objections 29.) By "two ERISA accounts," Plaintiff apparently is referring to two Individual Retirement Accounts (IRAs) she held with certain of the Defendant Banks. As Judge Bloom correctly stated, "[the fact t]hat plaintiff placed her savings in Individual Retirement Accounts (IRAs) with defendants does not convert her generalized fraud and theft claims into an ERISA claim." Recommendation 14. Accordingly, ERISA provides no basis for federal question jurisdiction.

Plaintiff further contends that federal question jurisdiction exists because[4]

> Judge Bloom and Brooklyn court[] judges violated my constitutional rights. As a USA citizen you deprived me from defend myself in court of law, even in the office of the CHR. Fabricating documents behind my back I can't see. Made me incompetent, stole my life savings, illegaly threw me on the street because of greed, destroyed and stole my possessions. I cant send mail, no matter how much I pay for, disconnected my telephone I paid for. I don't have privacy not only in my apartment but to my body. Because I am fighting back destroing my life, healthy my well being. You all represent United State government.

(Pl.'s Objections 332.) Plaintiff appears to argue that her constitutional rights were deprived because Judge Bloom issued her Recommendation to dismiss the instant action. This allegation raises no cognizable claim for deprivation of constitutional rights, a conclusion unaltered by the fact that Plaintiff was unable to proceed to trial as desired, or by her accusation that Judge Bloom and "Brooklyn court[] judges" represent the United States government. Accordingly, Plaintiff has failed to identify any legitimate basis for federal question jurisdiction.

### C. Diversity Jurisdiction

Plaintiff further objects to Judge Bloom's determination that there is no basis for diversity jurisdiction. *See* Recommendation 10-12. Plaintiff, a New York domiciliary, is a New York citizen

---

[4]The following language is quoted exactly as written in Plaintiff's submission. The court will not insert "*sic.*" within the text to indicate misspellings and grammatical errors.

for diversity purposes. Defendant BNY, a bank chartered by the State of New York and with its principal place of business in New York, is also a New York citizen for diversity purposes. Therefore, diversity of citizenship cannot be a basis for this court's exercise of subject matter jurisdiction in this case. *See Lehman v. Discovery Commc'ns, Inc.*, 217 F. Supp. 2d 342, 347 (E.D.N.Y. 2002) (stating that "there must be *complete* diversity of citizenship, which means that no plaintiff is a citizen of the same state as *any* defendant") (internal citation omitted, emphasis added).

Plaintiff does not challenge Judge Bloom's finding regarding diversity with respect to BNY. Instead, she alleges that Washington Mutual sent her a letter from Washington and that "the name tells it.-Washington." (Pl.'s Objections 27.) She further alleges that Ameritrade and Commerce Bank are "international." (Pl.'s Objections 27.) None of these alleged facts overcome the lack of diversity between Plaintiff and BNY. Thus, complete diversity is lacking, and diversity jurisdiction does not exist. *See Lehman*, 217 F. Supp. 2d at 347.

### D. Other Objections

Plaintiff, in her labyrinthine submission, submits a myriad other objections unrelated to the question of subject matter jurisdiction. As these objections concern matters that cannot cure the problem of lack of subject matter jurisdiction, which is fatal to Plaintiff's action in federal court,[5] these objections are considered and overruled.

---

[5] This court's inability to exercise jurisdiction does not extend to the state courts' ability to exercise jurisdiction.

### III.     Conclusion

For the reasons set forth above, the court adopts Judge Bloom's Recommendation in its entirety. Consequently, this action is dismissed for lack of subject matter jurisdiction.

Defendant Banks are directed to serve a copy of this Order on Plaintiff by mailing a copy to Plaintiff and to file proof of service with the Court via ECF. The Clerk of the Court is directed to close the file maintained in this case.

SO ORDERED.

Dated: Brooklyn, New York
      September 28, 2007

                                                        /s/
                                        Dora L. Irizarry
                                United States District Judge